

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
~~WITH WILSON~~
ATTORNEY GENERAL

Hon. Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-1960

Re: Fees of inspector of hides and animals in counties subject to the laws regulating the inspection of hides and animals, Articles 6972 through 7008, Vernon's Annotated Civil Statutes, as amended.

Amount for which property under a tax judgment may be sold and determination of the value of the property. Article 7345b, Sections 7, 8 and 9.

Authority of County Commissioners' Court to deduct interest and penalties accrued on delinquent taxes mistakenly covered in certificate of tax-assessor-collector.

We are in receipt of your request for an opinion upon the following three questions:

"1. If and when a County is under the laws governing the inspection of hides and animals, are the fees which are allowed the inspector under Art. 7008 Vernons Texas Statutes 1936 to be paid from the General fund of the County or to be paid by the person or persons owning the animals or hides where are inspected?

"2. May property which is being sold for property tax (State County School, etc.) be sold for an amount less than the amount of the delinquent taxes, penalties, interest, and costs accrued against the property? Or may it be sold for what is considered as being the actual

value of the property at the time of the sale?
(What governing body, if any, would have author-
ity to set the actual value of such property
at the time of sale?)

"3. If a property owner applies to the
Tax-Assessor-Collector of a County for infor-
mation concerning the payment of taxes on a
specific piece of property, and the Tax-Assessor-
Collector issues a certified statement that
there are no delinquent taxes against that
property; then some five years later a delin-
quent taxing agency finds that there are de-
linquent taxes against this property for one
or more years, which were covered by the cer-
tificate issued by the Tax-Assessor-Collector,
would the County Commissioners Court have the
authority to deduct the interest and penalties
accrued on the delinquent taxes? (Which had
accrued during the period of time)"

Article 7008, Vernon's Annotated Civil Statutes,
relating to fees of an inspector of hides and animals,
provides in Section 1, as follows:

"Each inspector of hides and animals, or
deputy inspector, provided for in this chapter
shall be entitled to receive ten cents for
each hide or animal personally inspected by
him, but if more than fifty hides or animals
are inspected in the same lot, then ten cents
each for the first fifty, and three cents
each for all above that number, provided that
the commissioners court of any county not ex-
empted from the provisions of this chapter
may, upon hearing showing the necessity there-
for after due notice of the time and place of
such hearing having been published once each
week for three consecutive weeks in a news-
paper of general circulation in such county,
by order entered upon the minutes of such com-
missioners court, authorize said inspector,
or deputy inspectors, of said county to charge
not to exceed twenty-five cents for each hide
or animal inspected except in cases where

more than fifty hides or animals are inspect-
ed in the same lot, in which event no more than
twenty-five cents each for the first fifty
hides or animals inspected and not to exceed
ten cents each for all hides or animals above
that number shall be authorized."

Article 6985, Vernon's Annotated Civil Statutes,
governs the certificates of inspection issued by the
Inspector. It reads:

"Whenever an inspector shall have inspect-
ed any animal or animals, as herein provided,
he shall, on the presentation of a written bill
of sale or power of attorney from the owner or
owners of such animal or animals, or his or their
agent duly authorized in writing, duly signed
and acknowledged, and on payment to said inspect-
or of his legal fees, deliver to the purchaser
of the animals mentioned in such bill of sale
or power of attorney, or his agent, a certificate
setting forth that he has carefully examined
and inspected such animal or animals, and that
said purchaser has in all respects complied
with the law, which certificate shall not be
complete until the same and the bill of sale
herein provided for shall be recorded in the
office of the county clerk of the county, and
be certified to by said clerk under his hand
and seal. Such certificate shall be then de-
livered to the purchaser and shall protect him
from the payment of inspection fees in any
other district for the animals therein describ-
ed, except from the county from which the same
may be exported; provided that any person
driving cattle in his own mark and brand shall
be entitled to the certificate of inspection
provided for herein, on payment of fees to the
inspector, and on presentation to the inspector
of the certificate of the county clerk of the
county where such mark and brand is recorded,
to the effect that the mark and brand named
therein is duly recorded in his office as the
mark and brand of the person so driving such
cattle." (Underscoring ours).

It will be noted that said article provides that "on payment to said inspector of his legal fees", he shall present a certificate of inspection where the owner or owners of the animals inspected are otherwise entitled to it.

This article is authority for the proposition that inspection fees are payable to the inspector by the owner or owners of the animals or hides inspected. See also Article 6972, 6973, 6977, 6983, 6988, 6989, 6992, 6993, 6994, 7001, 7003, Vernon's Annotated Civil Statutes.

In answer to your first question, it is our opinion that in those counties subject to the law regulating the inspection of hides and animals, as provided in Articles 6972 through 7008, as amended, the fees of an inspector are payable directly to the inspector by the owner or owners of the animals or hides which are inspected.

Your second question is answered in Opinion No. O-1501 of this Department, written by Hon. Billy Goldberg to Hon. C. W. Talbot, County Attorney, Bastrop, Texas, copy of which is enclosed.

Discussing Sections 7, 8 and 9 of Article 7345b, Vernon's Annotated Civil Statutes, the opinion holds:

> "* * * because of Section 8 of Article 7345b of Vernon's Civil Statutes, a sheriff may not sell property to anyone except one of the taxing units in the suit, unless said sale is for an amount equal to the adjudged value of the property or the aggregate amount of the judgment against the property in the suit, whichever is lower."

As is pointed out in said opinion, the term "adjudged value" is defined in Section 5 of Article 7345b, supra. Under this section the court finds "reasonable fair value" or "adjudged value". Beyond this power of the court, we are not aware of the authority of any other judicial or administrative official or agency to determine the value of the property involved in the foreclosure

proceeding.

In connection with your third questions, we call attention to Article 7258a, Vernon's Annotated Civil Statutes, which reads as follows:

"Sec. 1. On and after October 1st, 1929, the Tax Collector or his deputy of any county in this State containing 210,000 population or more according to the last preceding federal census, or any city or political sub-division or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. When any certificate so issued shows all taxes, interest, penalty and costs on the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein. Said certificate showing all taxes paid shall be admissible in evidence on the trial of any case involving taxes for any year or years covered by such certificate, and the introduction of the same shall be conclusive proof of the payment in full of all taxes, interest, penalty and costs covered by the same.

"Sec. 2. If any such certificate is issued or secured through fraud or collusion, the same shall be void and of no force and effect, and any such Tax Collector or his deputy shall be liable upon his official bond for any loss resulting to any such County or city or political subdivision or tax assessing district of the State of Texas, through the fraudulent or collusive or negligent issuance of any such certificate."

The Supreme Court of Texas, in the case of CITY OF SAN ANGELO v. DEUTSCH, (1936), 91 S. W. (2d) 308, the

closest authority in point which we have been able to find, has the following to say in regard to Article 7258a, supra:

"In this state there is no statute applicable to plaintiff in error which undertakes to make entries in the tax records or tax receipts or certificates effective to estop the city from collecting its unpaid taxes. It is unnecessary to express opinion as to the construction or validity of chapter 77, Acts Second Called Session, Forty-first Legislature, (1929) p. 153 (Article 7258a, Vernon's Ann. Civ. St.) which provides that certificates showing payment of all taxes shall be conclusive evidence of such payment, as that statute applies only to counties containing a population of 210,000 and to cities and political subdivisions and districts in such counties."

The question the Supreme Court had before it and upon which it reversed the Court of Civil Appeals at Austin (73 S. W. (2d) 125) is as follows:

"* * * 'Whether the city is estopped to assert a lien for unpaid taxes, to the injury of an innocent mortgagee who lends money on such property as security, on the faith of, and in reliance upon, its assessment rolls showing that such taxes have been paid.'"

In an exhaustive opinion the Supreme Court rejects the theory of estoppel in pais, as set forth in the case of STATE v. DAVIDSON, 280 S. W. 292, and holds as follows:

"Since the action of the tax collector in causing the tax records to show that the taxes were paid when in fact they were not paid was unauthorized, and since the tax collector in collecting taxes and in keeping the records essential to their collection was exercising for the city powers essentially public and governmental, it follows that the city is not estopped by the acts of the tax collector from

asserting its lien for the taxes, unless exception is made to the well-settled rule that cities are not liable for the unauthorized or negligent acts of their officials in the performance of the city's governmental functions."

We believe the City of San Angelo v. Deutsch case is authority to the effect that there is no estoppel against the collection of the delinquent taxes mistakenly covered by the tax certificate in the present situation. It is not necessary to point out that Art. 258a, Vernon's Annotated Civil Statutes, has no application in this situation, since it applies only to counties containing the population of 210,000 and to cities and political subdivisions and districts in such counties. We are not passing upon the construction or validity of this statute.

The County Commissioners' Court is a court of limited powers, and it has no authority which has not been conferred by the Constitution or by statutes. There is no constitutional or statutory authority conferred upon the County Commissioners' Court by which it may release accrued interest and penalties for delinquent taxes. In a situation where the delinquent taxes are still due, the County Commissioners' Court has no power to deduct interest and penalties which have accrued.

In answer to your third question, it is our opinion that where a tax-assessor-collector of a county erroneously issues a certified statement that there are no delinquent taxes against certain property, the County Commissioners' Court upon the discovery of the error does not have the authority to deduct the interest and penalties accrued on the delinquent taxes which were mistakenly covered in the certificate and which are still due.

Trusting that we have fully answered the questions submitted to us, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By            /s/ Dick Stout
              Dick Stout
              Assistant

DS:ob
ENCLOSURE

APPROVED FEB 27, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN